IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

CHRIS NEAL, HEATHER HARRIS, )
for themselves and as next of kin and )
Father and Mother of LEXUS NEAL, ) NO. 2:08-0068
) JUDGE HAYNES
Plaintiffs, )
)
v. )
)
W.B. MELTON, individually, and )
KELLY HULL, individually, )
)
Defendants. )

**ORDER**

Before the Court is the Defendants' W. B. Melton's and Kelly Hull's motion to reconsider (Docket Entry No. 27), seeking an Order modifying the Court's November 20, 2009 Order denying the Defendants' motion for summary judgment based on qualified immunity. Defendants submitted a supplemental Affidavit of Defendant Hull and a memorandum of law contending that the Court did not address their qualified immunity defense and the decision from North Carolina district court.

As to Hull's supplemental affidavit, the Court will not consider a supplemental affidavit containing facts that the Defendant knew at the time prior to the Court's ruling on his motion for summary judgment. See Emmons v. McLaughlin, 874 F.2d 351, 358 (6th Cir. 1989).

The Court did consider the Defendants' qualified immunity contentions (Docket Entry No. 25, Memorandum at pp. 11-15). In its ruling, the Court cited Supreme Court, Sixth Circuit and this Court's decisions to conclude that the facts presented, when reviewed in a list most favorable to Plaintiffs, as required on a motion for summary judgment, could establish a violation

of clearly established law on Plaintiffs' Fourth Amendment rights. In the qualified immunity analysis, this Court is to consider the decisions of the Supreme Court, the Sixth Circuit and this Court. Ohio Civil Serv. Employees Assn. v. Sieter, 858 F.2d 1171, 1172-78 (6th Cir. 1988). See also Virgili v. Gilbert, 272 F.3d 391, 393 (6th Cir. 2001). The cited North Carolina decision is not controlling in this analysis. Id. Moreover, the existence of factual disputes related to an assertion of qualified immunity can preclude summary judgment and warrant a trial. See Johnson v. Jones, 515 U.S. 304, 312-13, 319-20 (1995).

Thus, the Defendants' motion to reconsider is **GRANTED**, but the Court **REAFFIRMS** its earlier ruling.

It is so **ORDERED**.

**ENTERED** this the _____ day of April, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge